# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JARROD GANT,**

    Plaintiff,

  v.                                        Case No. 19-CV-640

**DANIEL CUSHING,** *et al.***,**

    Defendants.

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Jarrod Gant, a Wisconsin inmate representing himself, brings this lawsuit under 42 U.S.C. § 1983. Gant alleges an Eighth Amendment excessive force claim against the defendants. Before me is the defendants' motion for summary judgment. They argue that Gant did not exhaust the available administrative remedies before initiating this lawsuit. For the reasons explained below, I will grant defendants' motion for summary judgment.

## RELEVANT FACTS

On April 4, 2019, the institution complaint examiner's office received Gant's inmate complaint related to the claim at issue in this case. (ECF No. 31 at ¶¶ 3-4.) The inmate complaint examiner recommended dismissal of the complaint on the basis that a security supervisor had already reviewed video of the incident and found staff's actions to be reasonable and necessary. (*Id.* at ¶ 5.) The next day, on April 5, 2019,

the reviewing authority agreed with the inmate complaint examiner's recommendation and dismissed the inmate complaint. (*Id.* at ¶ 6.) In dismissing the complaint, the examiner wrote, "Noting this has already been reviewed by a Security Supervisor there is no need for a parallel investigation through the ICRS." (ECF No. 37-1.) Gant did not appeal the dismissal to the corrections complaint examiner's office.

## ANALYSIS

*1. Applicable Law*

Because Gant was incarcerated when he filed his complaint, the Prisoner Litigation Reform Act (PLRA) applies to this case. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to the Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Wis. Admin. Code § DOC 310.10 outlines the procedures by which inmate complaint examiners review and process inmate complaints. Wis. Admin.

2

Code § DOC 310.12(1) states that, "An inmate may appeal the reviewing authority decision within 14 days after the date of the decision . . . ."

A prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 739, 742 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

The U.S. Supreme Court has recently confirmed that the language in § 1997e(a) requiring prisoners to exhaust the available administrative remedies is mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). There is only one qualifier: the remedies must be available. *Id.* "But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" *Id.* Accordingly, because the requirement to exhaust is a statutory requirement, there is no judicial discretion to excuse an inmate's failure to exhaust when the administrative remedies were available to him. *Id.* at 1857.

2. *Application to this Case*

In this case, Gant concedes that he did not appeal the dismissal. (ECF No. 36 at 3.) However, he explains that, in recommending dismissal of his inmate complaint,

3

the inmate complaint examiner stated, "Noting this has already been reviewed by a Security Supervisor there is no need for a parallel investigation through the ICRS." (ECF No. 37-1.) Gant asserts that he understood this statement to mean that appealing the dismissal was unnecessary and that doing so would waste the time and resources of the corrections complaint examiner's office. (ECF No. 36 at 3.)

The defendants counter that this is not what the inmate complaint examiner meant; the inmate complaint examiner meant only that no further investigation of the inmate complaint was necessary to support the recommendation to dismiss. (ECF No. 38.)

As explained by the Supreme Court, a "reasonable misunderstanding or disagreement" will not excuse an inmate's failure to exhaust the available administrative remedies. *Ross*, 136 S. Ct. at 1858. Failure to exhaust will be excused only if the statement "thwart[ed] [Gant] from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1860.

The inmate complaint examiner mentioned only that there was no need for a "parallel investigation"; there is no directive to Gant not to appeal the decision, nor is there any assurance to Gant that he had done everything needed to exhaust the administrative remedies. While the inmate complaint examiner's wording may have confused Gant, that statement, without more, does not suggest that the inmate complaint examiner was intentionally trying to mislead Gant about the rules of the grievance process.

Moreover, even accepting Gant's interpretation as plausible, there are other interpretations that are equally plausible. And, as the Supreme Court has observed, "When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Ross*, 136 S. Ct. at 1859. Gant assumed that the examiner's statement meant he did not need to appeal; his assumption was incorrect. Because his mistake (as reasonable as it may be) does not excuse his failure to exhaust, the defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 29) is **GRANTED** based on Gant's failure to exhaust the available administrative remedies before he filed his lawsuit.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil

Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of September, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge